UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WARREN C. MEECE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-cv-00213-JMS-MPB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Denying Petition for Writ of Habeas Corpus**
**and Directing Entry of Final Judgment**

Indiana inmate Warren Meece was disciplined in a proceeding identified as No. BTC 16-12-187 for violating prison rules. Contending that the proceeding is tainted by constitutional error, Meece seeks a writ of habeas corpus. Finding no error of this nature, however, the Court concludes that Meece's petition for writ of habeas corpus must be **denied.**

**Discussion**

On December 19, 2016, a conduct report was issued charging Meece with conspiracy/ attempting harassment based on the content of a letter Meece had written to Mr. Kleyn, which was included in a letter he had written to Stacy Meece and which prison authorities had intercepted. The separate letter contained a disparaging threat to Mr. Kleyn.

On December 30, 2016, Meece was given a copy of the conduct report and notified of his procedural rights. A hearing was conducted on January 10, 2017. Meece attended the hearing and made a statement concerning the charge. The hearing officer considered Meece's statement, together with the other evidence, and found Meece guilty of the charged misconduct. His administrative appeal was denied and this action followed.

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Applying the requirements of *Wolff* and *Hill* as an analytical template, Meece received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Meece was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed. Meece's claims otherwise lack merit.

- Meece's first claim is that the conduct report was not written within the time required by prison policies. *Wolff* does not prescribe a comparable deadline, however, and the mere violation of a prison policy does not support federal habeas relief. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

- Meece's second claim is that the hearing officer violated prison rules by failing to grant Meece's request on the day of the hearing to postpone the hearing so that he could obtain documentary evidence. As with the first claim, however, a violation of prison rules does not state a cognizable claim for relief and a request made on the date of the hearing need not be granted. *Sweeny v. Parke*, 113 F.3d 716, 720 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001).

- Meece's third claim is that prison authorities lacked authority to convict him of violating a criminal law and that he was denied a full criminal trial. This claim reveals that Meece misapprehends what transpired. Specifically, the expanded record shows that he was charged with violating a prison rule which corresponded to a crime, *not* with a crime itself. Additionally, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Meece to the relief he seeks. Accordingly, his petition for a writ of habeas corpus is **denied** and this action is dismissed.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/16/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WARREN C. MEECE
100007
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov